UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------
SHIVA STEIN,                                          :
                                                      :
        Plaintiff,                                :   Civil Action No. 1:21-cv-4642
                                                      :
v.                                                    :   **COMPLAINT FOR VIOLATIONS OF**
                                                      :   **SECTIONS 14(a) AND 20(a) OF THE**
PREMIER FINANCIAL BANCORP, INC.,                      :   **SECURITIES EXCHANGE ACT OF**
TONEY K. ADKINS, PHILIP E. CLINE,                     :   **1934**
HARRY M. HATFIELD, LLOYD G.                           :
JACKSON II, DOUGLAS V. REYNOLDS,                      :   **JURY TRIAL DEMANDED**
MARSHALL T. REYNOLDS, NEAL W.                         :
SCAGGS, ROBERT W. WALKER, and                         :
THOMAS W. WRIGHT,                                     :
                                                      :
        Defendants.                               :
----------------------------------------------------------   :

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against Premier Financial Bancorp, Inc., ("Premier Financial or the "Company") and the members Premier Financial's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed merger between Premier Financial and Peoples Bancorp Corporation and its affiliates ("Peoples Bancorp").

2. Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Registration Statement on Form S-4 (the

"Registration Statement") to be filed on May 12, 2021 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Registration Statement recommends that Company stockholders vote in favor of a proposed transaction whereby Premier Financial with merge with and into Peoples Bancorp, with Peoples Bancorp surviving the merger (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement"), each Premier Financial stockholder will receive 0.58 of a share of Peoples Bancorp stock (the "Merger Consideration").

3. As discussed below, Defendants have asked Premier Financial's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Registration Statement contains materially incomplete and misleading information concerning the analyses performed by the Company's financial advisors, Piper Sandler Capital Inc. ("Piper Sandler") in support of its fairness opinion.

4. It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Premier Financial's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because defendants conduct a significant amount of business in this District, as well as trading on the NASDAQ Stock Exchange which is headquartered in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of Premier Financial stocks and has held such stocks since prior to the wrongs complained of herein.

10. Individual Defendant Toney K. Adkins has served as a member of the Board since July 1991.

11. Individual Defendant Philip E. Cline has served as a member of the Board since September 2014.

12. Individual Defendant Harry M. Hatfield has served as a member of the Board since June 2012.

13. Individual Defendant Lloyd G. Jackson II has served as a member of the Board since June 2012.

14. Individual Defendant Douglas V. Reynolds has served as a member of the Board since August 2020.

15. Individual Defendant Marshall T. Reynolds has served as a member of the Board since January 1996.

16. Individual Defendant Neal W. Scaggs has served as a member of the Board since September 1998.

17. Individual Defendant Robert W. Walker has served as a member of the Board since October 2001 and is the Company's President and Chief Executive Officer.

18. Individual Defendant Thomas W. Wright has served as a member of the Board since April 2001.

19. Defendant Premier Financial a Kentucky corporation and maintains its principal offices at 2883 5th Avenue, Huntington, West Virginia 25702. The Company's stock trades on the NASDAQ Stock Exchange under the symbol "PFBI."

20. The defendants identified in paragraphs 10-18 are collectively referred to as the "Individual Defendants" or the "Board."

21. The defendants identified in paragraphs 10-19 are collectively referred to as the "Defendants."

**SUBSTANTIVE ALLEGATIONS**

A. <u>**The Proposed Transaction**</u>

22. Premier Financial, a multi-bank holding company, provides community banking services to individuals and small-to-medium sized businesses. The company accepts various deposit products, including checking, NOW, savings, money market, club, individual retirement, and overdraft protection accounts, as well as certificates of deposit. It also provides loans secured by 1-4 family residential real estate, multifamily residential real estate, owner occupied non-farm

non-residential real estate, and non-farm non-residential real estate; commercial and industrial loans not secured by real estate; consumer loans; construction, land, and land development loans; and farmland and agricultural loans, and loans to tax-exempt entities. In addition, the company offers depository and funds transfer services; collections; safe deposit boxes; cash management services; bill payment, remote deposit, check imaging, and automated teller machine services; and internet, mobile, and telephone banking services. As of March 6, 2020, it operated thirteen banking offices in Kentucky; three banking offices in Ohio; twenty-six banking offices in West Virginia; four banking offices in Washington, DC; one banking office in Maryland; and three banking offices in Virginia. The company was incorporated in 1991 and is headquartered in Huntington, West Virginia.

23. On March 29, 2021, the Company and Peoples Bancorp jointly announced the Proposed Transaction:

> MARIETTA, Ohio, and HUNTINGTON, W.Va., March 29, 2021 /PRNewswire/ -- Peoples Bancorp Inc. ("Peoples") (NASDAQ: PEBO) and Premier Financial Bancorp, Inc. ("Premier") (NASDAQ: PFBI), jointly announced today the signing of a definitive agreement and plan of merger ("Merger Agreement") pursuant to which Peoples will acquire, in an all-stock merger, Premier, a bank holding company headquartered in Huntington, West Virginia, and the parent company of Premier Bank, Inc. ("Premier Bank") and Citizens Deposit Bank & Trust, Inc. ("Citizens"). Under the terms of the Merger Agreement, Premier will merge with and into Peoples (the "Merger"), and Premier Bank and Citizens will subsequently merge with and into Peoples' wholly owned subsidiary, Peoples Bank, in a transaction valued at approximately $292.3 million.
>
> Upon completion of the Merger, the combined company will have approximately $6.7 billion in total assets, $4.6 billion in total loans and $5.5 billion in total deposits with 136 locations in Ohio, West Virginia, Kentucky, Maryland, Virginia and Washington, D.C.
>
> Premier, through its two community bank subsidiaries, operates 48 branches in thirty-eight communities spanning across five-states, plus Washington D.C. As of December 31, 2020, Premier had, on a

consolidated basis, $1.9 billion in total assets, which included $1.2 billion in total net loans, and $1.6 billion in total deposits.

"We are excited about our partnership with Premier and the addition of significant scale to enhance our ability to drive future growth and improved profitability. Premier's strong core franchise provides a natural extension of our existing markets, as well as entry into attractive markets within Virginia, Maryland and Washington, D.C." said Chuck Sulerzyski, President and Chief Executive Officer of Peoples. "Over the years, we have successfully expanded our West Virginia and Kentucky footprint. We are proud to have been recognized in 2020 as the number one bank in West Virginia as part of Forbes' annual list of America's Best-In-State Banks and Credit Unions. We also were voted as The Best in the Tri-State by readers of the Herald Dispatch (Huntington, WV). We look forward to welcoming Premier shareholders, employees and customers to become part of our team, and we are ecstatic to offer additional locations to new and existing Peoples Bank clients."

Bob Walker, President and Chief Executive Officer of Premier commented, "We are excited to have the opportunity to join forces with one of the strongest banks in the region. Our customers, employees and shareholders will benefit from Peoples' history of profitable growth and expertise in successfully executing acquisitions. We are also excited about Peoples' expansive suite of products, which will provide us the ability to deliver new products and services, including insurance and investment products, to our valued customers in the communities we serve. Peoples' community banking model, culture and commitment to high-quality customer service makes Peoples' an excellent choice for Premier."

According to the terms of the Merger Agreement, which has been unanimously approved by the Boards of Directors of both companies, shareholders of Premier will receive 0.58 shares of Peoples common stock for each share of Premier common stock, and the Merger is expected to qualify as a tax-free reorganization for Premier shareholders. Based on Peoples' 20-day volume weighted average closing price of $33.95 per share as of March 26, 2021, the aggregate deal value is approximately $292.3 million, or $19.69 per share. The transaction is expected to be immediately accretive to Peoples' estimated earnings before one-time costs, with a tangible book value earn back of approximately 2.6 years, and an internal rate of return in excess of 20%.

The acquisition is expected to close during the third quarter of 2021, subject to the satisfaction of customary closing conditions, including regulatory approvals and the approval of the shareholders of Peoples

and Premier. At that time, Premier's offices will become branches of Peoples Bank.

Peoples was advised by Raymond James & Associates, Inc. and the law firm of Dinsmore & Shohl LLP. Premier was advised by Piper Sandler Companies and the law firm of Jackson Kelly PLLC.

* * *

24. The Board has unanimously agreed to the Proposed Transaction. It is therefore imperative that Premier Financial's stockholders are provided with the material information that has been omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

B. **The Materially Incomplete and Misleading Registration Statement**

25. On May 12, 2021, Premier Financial and Peoples Bancorp jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction. The Registration Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Projections*

26. The Registration Statement fails to provide material information concerning financial projections by management and relied upon by Piper Sandler in its analyses. The Registration Statement discloses management-prepared financial projections for the Company

7

which are materially misleading. The Registration Statement indicates that in connection with the rendering of its fairness opinion, that the management prepared certain non-public financial forecasts (the "Company Projections") and provided them to the Board and Piper Sandler by with forming a view about the stand-alone and pro forma valuations. Accordingly, the Registration Statement should have, but fails to provide, certain information in the projections. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

27. For the Company Projections, the Registration Statement fails to provide line items used to calculate these metrics. Without this information, stockholders do not have a way to replicate management's calculation of Premier Financial's prospects.

*Omissions and/or Material Misrepresentations Concerning Financial Analyses*

28. With respect to Piper Sandler's *Selected Comparable Company Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by Piper Sandler in the analysis.

29. With respect to Piper Sandler's *Analysis of Precedent Transactions*, the Registration Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Piper Sandler in the analysis.

30. With respect to Piper Sandler's *Net Present Value Analysis* performed in accordance with internal financial projections, the Registration Statement fails to disclose: (i) the terminal values of Premier Financial as of December 31, 2025; (ii) the inputs and assumptions underlying the use of earnings multiples range of 10.0x to 15.0x; (iii) the inputs and assumptions

underlying the use of 2025 tangible book value range rate of 110% to 160%; and (iv) the inputs and assumptions underlying the discount rates ranging from 11.0% to 15.0%.

31. With respect to Piper Sandler's *Net Present Value Analysis* performed in accordance with publicly available mean analyst earnings per share and dividend per share estimates for Peoples Bancorp, the Registration Statement fails to disclose: (i) the terminal values of Peoples Bancorp as of December 31, 2025; (ii) the inputs and assumptions underlying the use of earnings multiples range of 11.0x to 21.0x; (iii) the inputs and assumptions underlying the use of 2025 tangible book value range rate of 145% to 220%; and (iv) the inputs and assumptions underlying the discount rates ranging from 10.0% to 14.0%.

32. In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

33. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

34. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or

misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

35. Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

36. In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

37. Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement. The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully. Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives.

38. The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

39. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of Premier Financial within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of Premier Financial, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Premier Financial, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

41. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

42. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Premier Financial, and, therefore, is presumed to have

had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Registration Statement.

43. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

44. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

45. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

46. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: May 24, 2021

**MELWANI & CHAN LLP**

By: */s/ Gloria Kui Melwani*
Gloria Kui Melwani
1180 Avenue of the Americas, 8th Fl.
New York, NY 10036
Telephone: (212) 382-4620
Email: gloria@melwanichan.com